P. A. Bertram, Defendant in Error, v. Otto Bergquist, Plaintiff in Error.

Gen. No. 14,845.

1. CONTRACTS—*what does not justify abandonment.* A contractor who agrees to build a house for a specific sum is not justified in refusing to carry out his undertaking because of the error of a subcontractor in making his bid which error induced such subcontractor to refuse to accept the work.

2. MEASURE OF DAMAGES—*in action for refusal to carry out building contract.* In case of the contractor refusing to enter upon and perform a building contract, the measure of damages is the difference between the cost of constructing, by contract, the building the contractor agreed to put up, and the fair cash market price of erecting such building.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed February 15, 1910.

FRANK FOSTER, for plaintiff in error.

POYNTON & POYNTON, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Defendant, Bergquist, a builder, undertook to build

a house for plaintiff, Bertram. The house was to be built according to certain plans and specifications and for a sum of $4,500. The contract was made on August 10, 1907. Two days thereafter, on August 12, Bergquist came to plaintiff and stated that the sub-contractor for the mason work would not go on with that work, because of a mistake he had made in figuring the work which had led him to bid $450 instead of $908. There were some negotiations between plaintiff and defendant for a couple of days. Plaintiff offered to increase the contract price $100 or $150 if defendant would go ahead with the work under the contract. Defendant took the plans and specifications and procured some more figures on the mason work. In the evening of August 14, defendant said he could not go on with the contract and he returned the plans and specifications to plaintiff on the 15th of August. Plaintiff let the contract to John F. Johnson for $4,750, who signed the contract on August 15, 1907. Johnson was a contractor who had bid in competition with Bergquist. The court asked Johnson whether the plans and specifications were the same as before, to which Johnson replied that there were some changes in the basement. Upon this state of facts the court below rendered a judgment of $250 in favor of Bertram in this suit brought by him against Bergquist to recover damages for breach of the contract. The defendant prosecutes this writ of error.

When Bergquist signed the contract to build the house for Bertram for $4,500 he became bound to do so. Whether the mason contractor, or someone else with whom Bergquist was dealing, had made a mistake in bidding or refused to go on with his work did not concern Bertram. Bergquist was nevertheless obliged to go on with his contract and erect the building. For failure in that respect he became obligated to Bertram in such damages as the latter might sustain. The case has been tried, however, upon a wrong theory as to the measure of damages. The measure of damages in such case is not the difference between

the price in the broken contract and the price at which the owner may let a new contract for the erection of the building to some one selected by him.  There is no evidence whatever in this record that the price fixed in the new contract is the fair and reasonable cash market price and value for doing that work and furnishing those materials which Bergquist, by his contract, undertook to do and furnish.  Indeed the question asked by the court brought an answer which indicates that, to some extent at least, the work and materials are not the same under the two contracts. The measure of damages is the difference that the cost of constructing, by contract, the building Bergquist contracted to put up, may, at the fair cash market price, be greater, if any, than the contract price at which Bergquist undertook to erect and complete the same.  The fact alone that one contractor undertook to erect the building for $4,750 did not establish that sum to be the fair cash market price or value.  No damage having been proven according to any measure of damage known to the law, the judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*